IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               No. 1:13-cr-10007-JDB-1

CHAERISH BRICE,

    Defendant.

_____

ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL AND
FOR RELIEF UNDER THE FIRST STEP ACT
_____

        On March 26, 2013, the Defendant, Chaerish Brice, entered a plea of guilty to possessing with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), in 2012. (Docket Entry ("D.E.") 2, 20.) After service of his sentence of incarceration and commencement of his period of supervised release, the United States Probation Office petitioned the Court in June 2020 for revocation of his supervision. (D.E. 48.) During a hearing conducted on October 29, 2020, in which he admitted to violations enumerated in the petition, Defendant was adjudged guilty of violating his supervised release and sentenced to twenty-one months in Bureau of Prisons custody. (D.E. 65, 67.) Before the Court is a letter from Defendant, filed November 4, 2020, requesting appointment counsel to assist him in seeking a reduction of his sentence under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (D.E. 68.) The Court will construe the letter as a motion for such relief as well as for appointment of counsel.

        "Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)).  However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *see United States v. Smithers*, 960 F.3d 339, 341 (6th Cir. 2020).

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), lowered mandatory minimum sentences for crack cocaine offenses.  The purpose of the statute was to "lessen the sentencing disparity between cocaine offenses and those involving crack cocaine." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) (citing §§ 2-3, 124 Stat. 2372).  It was not, however, retroactive.  *Id.*  The FSA, passed in December 2018, made those changes retroactive, "allow[ing] those sentenced under the old regime to file a motion to reduce their sentence." *United States v. Williams,* 817 F. App'x 164, 165 (6th Cir. 2020) (citing § 404, 132 Stat. 5194), *cert. denied*, 2020 WL 6829087 (U.S. Nov. 23, 2020) (No. 20-466).

Section 404 of the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."  § 404(a)-(b), 132 Stat. at 5222.  Sections 2 and 3 of the Fair Sentencing Act of 2010 involved cocaine base offenses.  §§ 2-3, 124 Stat. 2372; *United States v. Alexander*, 951 F.3d 706, 707-08 (6th Cir. 2019).  Therefore, by its terms, § 404 "makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237 (2020).  Brice was not convicted in this case for an offense involving crack cocaine.  Therefore, there was no "covered offense" to which § 404 would apply.  *See Jordan v. United States*, No. 3:18-cv-001268, 2020 WL 2112263, at *1-2 (M.D. Tenn. May 4, 2020) (where movant was convicted of a heroin, rather than a crack cocaine, offense, § 404 afforded him no relief); *United States v. Drayton*, Crim. Action No. 10-

20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (where defendant was convicted of powder cocaine and marijuana, § 404 did not apply).  Nor was he convicted of an offense that predated August 3, 2010.  "The [FSA] merely unlocks the door to resentencing so long as the crime 'was committed before August 3, 2010[.]'"  *United States v. McBee*, 812 F. App'x 318, 324 (6th Cir. 2020) (quoting *United States v. Maxwell*, 800 F. App'x 373, 378 (6th Cir. 2020)).  Defendant's request for relief under § 404 must, therefore, be DENIED.  As Brice is clearly not eligible for a sentence reduction under the FSA, his request for appointment of counsel is also DENIED.

The Clerk is DIRECTED to mail a copy of this order to the Defendant at the prison facility address listed on the docket.

IT IS SO ORDERED this 10th day of December 2020.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE